# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 6, 2015

## STATE OF TENNESSEE v. CHRISTOPHER FARROW

**Appeal from the Criminal Court for Shelby County**
**No. 9700543     Lee Coffee, Judge**

---

**No. W2014-02310-CCA-R3-CD  -  Filed December 28, 2015**

---

The Petitioner, Christopher Farrow, appeals the Shelby County Criminal Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner asserts that the trial court erred by summarily dismissing his motion. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Christopher Farrow, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Rachel E. Willis, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On March 19, 1997, the Petitioner entered guilty pleas to one count of facilitation of aggravated robbery in case number 97-00543, and one count of facilitation of aggravated robbery in case number 97-00544. Pursuant to a plea agreement, he received a three-year sentence for each conviction as a Range I offender. The sentences were aligned concurrently.

On July 10, 1997, the Petitioner entered guilty pleas to one count of intentionally evading arrest in a motor vehicle in case number 97-03625, one count of theft of property valued at more than $1,000 in case 97-03626, and one count of aggravated robbery in case number 97-03627. Pursuant to a plea agreement, he received a two-year sentence in

case numbers 97-03625 and 97-03626 and a ten-year sentence in case number 97-03627. Each sentence was aligned concurrently with each other and with the sentences in case numbers 97-00543 and 97-00544. In sum, the Petitioner received a total effective sentence of ten years as a Range I offender. The Petitioner did not file a direct appeal.

On September 16, 2014, the Petitioner filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. As we understand the argument, he alleged that his sentences were illegal because his concurrent sentencing was in direct contravention of Tennessee Code Annotated sections 40-35-115(b)(6), 40-35-310, and Tennessee Rule of Criminal Procedure 32(c)(2), which mandated consecutive sentencing in his case. The trial court summarily dismissed the motion on October 10, 2014. It is from this order that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner asserts that he stated a colorable claim in his motion, which claimed that the trial court imposed concurrent sentences for offenses committed while he was on probation[1] in violation of Tennessee Code Annotated section 40-35-115(b)(6) and Tennessee Rule of Criminal Procedure 32.[2] The State responds that the trial court properly dismissed the motion because the Petitioner failed to present a colorable claim of an illegal sentence. We agree with the State.[3]

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion

---

[1] The record is devoid of any proof reflecting that the Petitioner was on probation when he committed the charged offenses. Nevertheless, we are aware that "Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents." State v. Brandon Rollen, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013). Accordingly, for purposes of this opinion, we presume the Petitioner has accurately stated the procedural history of his case.

[2] For clarity, we have combined the Petitioner's arguments into a single issue.

[3] In his brief to this court, the Petitioner also asserts that his sentence is illegal because the State misled him as to the terms of his plea agreement, and because the trial court accepted the plea without considering the sentencing factors mandated by Tennessee Code Annotated section 40-35-210(a). The Petitioner has waived consideration of these issues for failure to raise them in his motion. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court.").

states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see also Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2013). The Tennessee Supreme Court has stated that a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, — S.W.3d — , No. E2014-0169-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. 2015).

Considering the Petitioner's assertions as true, and viewing them in the light most favorable to him, we conclude that he has not presented a colorable claim for relief. The fact that he committed the charged offenses while on probation does not mandate consecutive sentencing, it merely allows for it at the trial court's discretion. "The court may order sentences to run consecutively if the . . . defendant is sentenced for an offense committed while on probation[.]" T.C.A. § 40-35-115(d)(6) (emphasis added); see also Frederick O. Edwards v. State, No. W2014-01463-CCA-R3-CO, 2014 WL 7432166, at *3 (Tenn. Crim. App. Dec. 30, 2014), perm. app. denied (Tenn. May 19, 2015) ("[A] trial court has discretion to impose a consecutive sentence when a defendant is sentenced for an offense committed while on probation."); State v. Antonio Williams a.k.a. Antwoin Williams, No. W2014-02108-CCA-R3-CD, 2015 WL 3407472, at *2 (Tenn. Crim. App. May 28, 2015) (holding that the trial court had authority to issue consecutive sentences for a felony committed while the defendant was on probation, but was not required to do so). Additionally, we note that the Tennessee Supreme Court has recently clarified that Rule 36.1 does not authorize the correction of expired sentences. State v. Brown, — S.W.3d — , No. E2014-00673-SC-R11-CD, 2015 WL 77482575, at *1 (Tenn. 2015). The effective ten-year sentence in this case would have expired long before the filing of the instant petition. Accordingly, the dismissal of the Petitioner's claim was also proper on those grounds. See id. at *8 ("[A] Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged sentence has expired.").

The Petitioner's concurrent sentences do not contravene any applicable statute, and accordingly the Petitioner's sentence is not illegal pursuant to Rule 36.1. Furthermore, because the Petitioner failed to state a colorable claim that his sentences were illegal, it was not error for the trial court to dismiss the motion without appointing counsel. Because the Petitioner's sentence was authorized by the applicable statutes, we affirm the summary dismissal of the motion.

## CONCLUSION

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE